**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br> Defendant. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:18-cv-00081 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Amazon.com, Inc. ("Amazon") allege as follows:

**THE PARTIES**

1.  Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 303, Tyler, Texas 75702.

2.  Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.  On information and belief, Amazon.com, Inc. is a Delaware corporation with its principal office at 410 Terry Avenue North, Seattle, WA 98109. Amazon can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Wilmington, DE 19808. Amazon.com is the parent company of Amazon Web Services, Inc. and the primary operator and

controller of the www.amazon.com commerce website. Amazon offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. As non-limiting examples, Amazon distributes the accused products through its distribution facilities in Denton County, TX. Among other business, Amazon is in the business of manufacturing and selling electronic goods sold in this judicial District.

## JURISDICTION

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Amazon.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 8,606,856)

7. Uniloc incorporates the preceding paragraphs above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,606,856 ("the '856 Patent"), entitled Digital media asset identification system and method that issued on December 10, 2013. A true and correct copy of the '856 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '856 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Amazon makes, uses, offers for sale, sells and/or imports into the United States a platform marketed under the name Kindle. Amazon allows users to buy Kindle books (digital assets) from Amazon's website or Kindle store and download the books on Kindle devices or any mobile device using the Kindle reading application. All books present in the Kindle accounts are stored on and tracked by Amazon servers. Collectively, the Kindle platform, Kindle books, and Kindle application are referred to as the "Accused Products".

11. Amazon has directly infringed, and continues to directly infringe one or more claims of the '856 Patent in the United States during the pendency of the '856 Patent, including at least claim 1 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling the Accused Products that operate as described above.

12. In addition, should the Accused Products be found to not literally infringe the asserted claims of the '856 Patent, use of the devices would nevertheless infringe the asserted

claims of the '856 Patent. More specifically, the devices perform substantially the same function (debiting an account for transfer of digital assets), in substantially the same way (embedding a customer identification associated with a customer and an asset identification associated with an instance of a digital asset), to yield substantially the same result (distributing a digital asset). Amazon would thus be liable for direct infringement under the doctrine of equivalents.

13. Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '856 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale or selling the Accused Products. Amazon's customers who use such devices in accordance with Amazon's instructions directly infringe one or more of the foregoing claims of the '856 Patent in violation of 35 U.S.C. § 271. Amazon directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- https://www.amazon.com/gp/help/customer/display.html?nodeId=201243030https://www.amazon.com/gp/help/customer/display.html?nodeId=201243030
- https://www.amazon.com/gp/help/customer/display.html?nodeId=201244870
- https://www.amazon.com/Kindle-Store/b?ie=UTF8&node=133140011

Amazon is thereby liable for infringement of the '856 Patent under 35 U.S.C. § 271(b).

14. Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '856 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Products, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in

infringing the '856 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. Amazon will have been on notice of the '856 Patent since, at the latest, the service of this complaint upon Amazon. By the time of trial, Amazon will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more of claims 1, 2, 10-11, and 15-16 of the '856 Patent.

16. Amazon may have infringed the '856 Patent through other smart devices and software utilizing the same or reasonably similar functionality as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

17. Uniloc has been damaged by Amazon's infringement of the '856 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Amazon as follows:

(A)  declaring that Amazon has infringed the '856 Patent;

(B)  awarding Uniloc its damages suffered as a result of Amazon's infringement of the '856 Patent;

(C)  awarding Uniloc its costs, attorneys' fees, expenses and interest, and
(D)  granting Uniloc such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: March 16, 2018	Respectfully submitted,

*By: /s/ James L. Etheridge*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG SA**