**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG S.A., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:18-CV-00081-JRG |
| AMAZON.COM, INC., | § § § | |
| *Defendant*. | § | |

## ORDER DENYING MOTION TO SEAL

Before the Court is Plaintiff's Motion to Seal Plaintiff's Response to Motion to Dismiss (Dkt. No. 31) ("the Motion"), wherein Plaintiff asserts that "Exhibit B to the response contains information of such a sensitive nature that its disclosure creates a risk of harm to Uniloc that outweighs the strong presumption in favor of public access to judicial proceedings." (Dkt. No. 31 at 1.)

As Plaintiff notes, while the "right to inspect and copy judicial records is not absolute," there is nevertheless "a strong presumption in favor of a common law right of public access to court proceedings." *Nixon v. Warner Commc's, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" *In re Violation of Rule 28 (d)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011) (quoting *Nixon*, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge

must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 850 (5th Cir. 1993) (alteration in original); *see also id*. ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'" (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that the district court's "discretion to seal the record of judicial proceedings is to be exercised charily," *Van Waeyenberghe*, 990 F.2d at 848, and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *Holy Land*, 624 F.3d at 690.

Here, the proposed confidential information is comprised of the declarant's business connection with Uniloc USA, Inc., as well as the disclosure that Plaintiff closed one office and opened another, both within this District. The Court finds that such information is not of so sensitive a nature as to demand redaction or sealing. When a witness is introduced at trial, such witness routinely states their name, position, and years of employment onto the record; further, Plaintiff's offices are a matter of public record. Plaintiff has not provided any further support for its request other than the conclusion that such information is sensitive. Accordingly, the Court **DENIES** the Motion to Seal and **ORDERS** Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. No. 32) unsealed, including Exhibit "B" thereto.

**So Ordered this**
Mar 5, 2019

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE